**No. 51848.**—Sid Klein Corp. *v.* United States, protest 58774–K (Boston).

Opinion by EKWALL, J. An examination disclosing nothing that would warrant the court in disturbing the finding of the collector, the protest was overruled.

**No. 51849.**—S. S. Kresge Co. et al. *v.* United States, protests 89462–K, etc. (Baltimore, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51850.**—F. W. Woolworth Co. et al. *v.* United States, protests 104724–K/12606, etc. (New Orleans, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JULY 23, 1947

**No. 51851.**—Fidelity and Casualty Co. of New York *v.* United States, petition 6358–R (Providence).

Opinion by CLINE, J. At the trial it was stipulated that the petitioner herein, who acted as surety upon the importer's bond, had paid the additional duties required by the collector. A test case was decided in Reap. Dec. 5002 and the court held that the dutiable export value consisted of the appraised unit values, less 3 percent, less ½ percent as swell allowance, less nondutiable charges. Pending said decision, an investigation was made in New York, but since no information could be obtained from customs officials, the entries in question were made on the basis of the invoiced prices actually paid by the importer. The record in Abstract 50301 was incorporated herein and it appeared from the testimony that H. Victor Crawford had acted as liquidator for the importer until June 8, 1942, when his license expired; that prior to that date he signed amended entries in New York on behalf of the importer in question; that the amended entries were filed on August 13, 1942, but they were not accepted by the collector because they were unsigned, inasmuch as Mr. Crawford had ceased to act as liquidator and no one in this country had a power of attorney to sign on behalf of the corporation. Upon the entire record it was held that there was no attempt made to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the goods. The petition was therefore granted.